UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAVAS SEVIL,

               Plaintiff,

    -against-

CIPRIANI USA, INC.,

               Defendant.
-----------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

'08 CIV 5727

RECEIVED JUN 26 2008

    Plaintiff, by his attorneys, Cary Kane LLP, complaining of defendants, alleges

    1.    Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

    2.    Plaintiff also brings this action to remedy violations of the New York State Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYSLL"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to N.Y. Lab. L. §§ 198, 663.

## JURISDICTION AND VENUE

    3.    Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

    4.    Jurisdiction of this Court over plaintiff's NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are

so related to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendant maintains its principal place of business in, does business in, and has designated an address located in this District for service of process and, accordingly, resides in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Savas Sevil ("Sevil") resides in the county of New York in the State of New York. At all relevant times, Sevil was employed by defendant.

7. Defendant Cipriani USA, Inc. ("Cipriani USA") is a Delaware corporation doing business in New York with a registered address for service of process at 110 East 42nd Street, New York, New York. Defendant is an "employer," within the meaning of 29 U.S.C. § 203(d) and N.Y. Labor Law § 651. Upon information and belief, defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

8. Defendant, along with several other interrelated corporate affiiliates, operates several restaurant, banquet, and catering facilities in New York City or provide services related to such facilities.

9. Plaintiff Sevil was employed by defendants from August 2005 until May 2008. From August 2005 until September 2006, Sevil worked on a part time basis as a

security guard at various facilities owned by Cipriani USA or corporate affiliates of Cipriani USA. Starting in September of 2006, Sevil was hired to work as a chauffeur, where he was required to provide transportation services to officials of Cipriani USA, primarily to Giovanna Cipriani, who is, upon information and belief, a corporate officer and part shareholder of defendant.

10. From September of 2006 until May of 2008, Sevil was paid $18.00 per hour for his services as a chauffeur.

11. From September of 2006 until May of 2008, as a chauffeur for defendant, Sevil regularly worked more than 40 hours per week. On some occasions, Sevil worked over 100 hours per week. Sevil was required to be on call for work twenty four hours a day, seven days a week.

12. Sevil did not receive any overtime premium for any work hours he performed beyond 40 in a week.

13. For some weeks, Sevil, in addition to his services as a chauffeur, continued to perform security guard services for defendant or affiliated corporate entities. Sevil did not receive any overtime premium for any work hours he performed beyond forty hours per week.

14. In addition, from August 2005 through September 2006, Sevil, on occasion, worked over forty hours a week as a security guard, Sevil never received any overtime premium for any work hours he performed beyond 40 in a week.

15. For the entire period of Sevil's employment, defendant avoided paying Sevil overtime by classifying him as an independent contractor, rather than an employee.

16. Despite the classification of Sevil as an independent contractor, he

functioned as an employee of defendant. Sevil worked directly under the supervision of defendant. Sevil was on call at all times to provide services to defendant. The automobile driven by Sevil was provided by defendant. In all other relevant aspects, Sevil functioned as an employee of defendant and not an independent contractor.

17. Upon information and belief, other chauffeurs who provided similar service to defendant and the officers and owners of defendant were classified as employees, rather than independent contractors. Sevil was the only chauffeur who was classified as an independent contractor, despite providing services identical in all relevant aspects to other chauffeurs employed by defendant.

18. Sevil also functioned as an employee while working as a security guard for defendant and its affiliated corporate entities. Sevil worked directly under the supervision of managers and supervisors of defendant. Sevil worked in facilities owned and operated by defendant. Sevil's work hours were set by defendant. Sevil received training in areas such as CPR from defendant. Sevil used office equipment, phones, walkie-talkies, and other equipment provided by defendant. In all other relevant aspects, Sevil functioned as an employee of defendant and not as an independent contractor.

19. Upon information and belief, defendant has not kept accurate time records of the hours worked by Sevil.

20. Upon information and belief, defendant has known of and/or showed reckless disregard for the practices by which Sevil was not paid for all hours worked in a week. Upon information and belief, defendants has known of and/or shown reckless disregard for whether its practices violate the FLSA and the NYSLL.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wage - FLSA)

21.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 as if recited at length herein.

22.    At all relevant times, defendant has not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

23.    Defendant, by the above acts, has violated 29 U.S.C. § 207.

24.    Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

26.    No previous application for relief has been made for the relief requested.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wage – NYSLL)

27.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 as if recited at length herein.

28.    At all relevant times, defendant has not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

27.    Defendant, by the above acts, has violated N.Y. Labor Law § 652 and 12 NYCRR § 142-2.2

29.    Upon information and belief, said violations are willful within the meaning N.Y. Labor Law § 663.

30.    No previous application for relief has been made for the relief requested

herein.

## AS AND FOR A THIRD CLAIM

### (NYSLL - Failure To Pay Premium For Work Past Ten Hours A Day)

31.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30 above as though recited at length herein.

32.     At all relevant times, defendant has not paid plaintiff an additional hour's pay at the minimum hourly wage rate for each day that plaintiff worked 10 or more hours.

33.     Defendant, by the above acts, has violated NYSLL § 652 and 12 NYCRR § 142-2.4.

34.     Upon information and belief, said violations are willful within the meaning of NYSLL § 663.

35.     No previous application for relief has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a)     declaring that the acts and practices complained of therein are in violation of the FLSA and NYSLL;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and N.Y. Labor Law § 663;

(c)     enjoining and restraining permanently the violations alleged therein, pursuant to 29 U.S.C. § 217;

(d)     directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(e) directing defendants to pay plaintiff an additional hour's pay at the minimum wage rate for all hours worked in excess of ten in one day;

(f) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g) directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in N.Y. Labor Law § 663.

(h) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and N.Y. Labor Law § 663; and

(i) granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       June 25, 2008

>                    Respectfully submitted,
>                    CARY KANE LLP
>                    Attorneys for Plaintiff
>
>                    By: /s/ Joshua S.C. Parkhurst
>                    Walter Kane (WK7122)
>                    Joshua S.C. Parkhurst (JP5022)
>                    1350 Broadway, Suite 815
>                    New York, NY 10018
>                    (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.